AO 91 (Rev. 11/11) Criminal Complaint

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Pilar LUCERO<br><br>Defendant(s) | ) ) ) ) ) ) ) | Case No. **22mj354** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _March 9, 2022_ in the county of _Bernalillo_ in the
_____ District of _New Mexico_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B) | Possession with Intent to Distribute 40 Grams and More of Fentanyl |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | Possession with Intent to Distribute Heroin |
| 18 U.S.C. § 922(g) | Possession of Ammunition by a Convicted Felon |

This criminal complaint is based on these facts:

Please see the attached affdavit of DEA Special Agent Kyle Coffey, which is incorporated by reference and has been reviewed and approved by AUSA Nora Wilson.

☑ Continued on the attached sheet.

_SA Kyle Coffey_
Complainant's signature

Kyle Coffey, DEA Special Agent
Printed name and title

Telephonically sworn and electronically signed.

Date: 03/10/2022

_John F. Robbenhaar_
Judge's signature

City and state: Albuquerque, New Mexico

John R. Robbenhaar, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the U.S. Drug Enforcement Administration (DEA), and have been since May 2020. I am assigned to the DEA's Albuquerque District Office. As a SA for the DEA, I am an investigative law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. As a SA with DEA, I retain the powers of enforcement as set forth in 21 U.S.C. § 878. Prior to my employment with the DEA, I was employed as a police officer with the Virginia Beach Police Department for approximately 4 years. Over the course of my career, I have accumulated the following training and experience:

   a. I graduated from the DEA Academy in Quantico, Virginia, where I received approximately 14 weeks of specialized drug-related training. The training included controlled substance identification, drug-related investigative techniques, interview and interrogation training, preparation of search warrants, tactical applications of drug enforcement, and surveillance and electronic monitoring techniques.

   b. As a Police Officer and a DEA Special Agent, I have participated in investigations of individuals and organizations trafficking heroin, cocaine, cocaine base ("crack"), marijuana, methamphetamine, fentanyl, and other controlled substances as defined in 21 U.S.C. § 801. My experience as a Special Agent includes, but is not limited to, conducting surveillance, interviewing witnesses, participating in arrests, searches, and seizures, drafting affidavits for search warrants and criminal complaints, and working with informants. I have participated in the investigation

of several drug trafficking conspiracies. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations (DTO) to purchase, transport, store, and distribute illegal drugs and to hide profits generated from those transactions.

2. This case is being investigated by the DEA. I have personally participated in the investigation described below. I make this affidavit based on my participation in the investigation, reports, and information made available to me by other agents and Task Force Officers ("TFOs"), as well as other law enforcement authorities. This affidavit is intended only to show that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge or the surrounding facts pertaining to this matter.

## PROBABLE CAUSE

3. This affidavit is made in support of the issuance of a criminal complaint charging Pilar LUCERO (LUCERO) with the following violations:

   a. 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), that being Possession with Intent to Distribute 40 Grams and More of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

   b. 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), that being Possession with Intent to Distribute Heroin; and

   c. 18 U.S.C. § 922(g), that being possession of ammunition by a convicted felon.

### Search Warrant at 9000 Zuni Road SE, Trailer A22

4. On March 9, 2022, DEA agents executed a federal search warrant at 9000 Zuni

Road SE, Trailer A22, Albuquerque, New Mexico, 87123, which is the primary residence of LUCERO. As agents were about to execute the search warrant, agents observed LUCERO and his girlfriend, S.B., drive away from the residence.

5. The trailer contained two bedrooms, one belonging to LUCERO's housemate (who was present when agents made entry to conduct the search), and the master bedroom, which belonged to LUCERO. A search of the residence revealed the following:

   a. An undetermined amount of U.S. currency, found in the master bedroom;

   b. Mail and documents belonging to LUCERO, found in the master bedroom;

   c. Several electronic/digital scales, found in the master bedroom and living room;

   d. Plastic bags, consistent with plastic bags frequently used for narcotics packaging, found in the master bedroom;

   e. 43 gross grams of heroin, which field tested positive for heroin, found in the master bedroom;

   f. 381.7 gross grams of fentanyl, which field tested presumptive positive for fentanyl, found in the master bedroom; and

   g. Firearm ammunition and firearm magazines to various caliber weapons, found in the master bedroom. The ammunition included ammunition manufactured by Browning, Ammunition Incorporated, and Fetter. Agents believe this ammunition was manufactured in Utah, Arizona, and Russia, respectively, and was transported to New Mexico. Fetter ammunition is manufactured in Russia.

6. After agents discovered the drugs, LUCERO was stopped and arrested by agents approximately five trailers to the East of the trailer A22 residence, in the entrance of the 9000 Zuni Road SE trailer park road access, as he was driving back to the trailer A22 residence.

Following LUCERO's arrest, agents read LUCERO his Miranda warnings and LUCERO agreed to speak to them. LUCERO told agents that he lives at the trailer A22 residence. LUCERO stated that the master bedroom is his bedroom. LUCERO confessed to owning the U.S. currency, fentanyl pills, heroin, ammunition, and all firearm magazines found in the master bedroom. LUCERO confessed to being a convicted felon and knowing that, as a felon, it is illegal for him to possess a firearm or ammunition. LUCERO affirmed he is unemployed. LUCERO confessed to selling quantities of 500 to 1000 fentanyl pills and up to half ounces of heroin, and explained his pricing for the sales of narcotics.

7. At the time that LUCERO possessed the ammunition, he had been convicted of a felony, and knew he had been convicted of a felony. Defendant was convicted of the felonies of non-residential burglary and larceny in D-202-CR-2016-01771. The ammunition was not manufactured in New Mexico. Therefore, before the defendant possessed the ammunition, the ammunition had moved at some time from one state to another or from a foreign country to the United States.

8. Based on my training and experience, I know the amounts of located narcotics are consistent with drug trafficking and not personal use.

9. I declare under the penalty of perjury that the facts contained herein are true and correct to the best of my knowledge.

10. AUSA Nora Wilson reviewed and approved this affidavit.

_____
Kyle Coffey
Special Agent
Drug Enforcement Administration

Telephonically sworn and electronically signed
This 10th day of March, 2022.

_____
HONORABLE JOHN R. ROBBENHAAR
United States Magistrate Judge